## Case No. 15,564.

### UNITED STATES v. LARKIN et al.

[Hoff. Land Cas. 75.] [1]

District Court, N. D. California. Dec. Term, 1855.

MEXICAN LAND GRANT — APPROVAL BY DEPARTMENTAL ASSEMBLY.

No objections made to the validity of this claim.

Claim for ten leagues of land in Colusi county, confirmed by the board, and appealed by the United States.

[This was a claim by Francis Larkin and others for the rancho de Larkin, granted December 15, 1844, by Manuel Micheltorena, claim filed March 24, 1852, confirmed by the commission April 25, 1854, containing 44,-364.22 acres.]

S. W. Inge, U. S. Atty.

Stanly & King, for appellees.

HOFFMAN, District Judge. This case was unanimously confirmed by the board of commissioners. It has been submitted to us without argument or the statement of any objections to it on the part of the appellants. The points made by the law agent before the commissioners are all fully considered in their opinion contained in the transcript, and we deem it enough to say that we see no reason to dissent from the conclusion at which they arrive. Of the genuineness of the grant there can be no question. It was approved, as the board and this court consider, in an unqualified manner by the departmental assembly, and the conditions have been substantially complied with. The description in the grant and the delineation on the map, which is unusually accurate, indicate unmistakeably the locality and boundaries of the granted land; and the decree of the commissioners, which we are asked to affirm, particularly designates the boundaries of the tract, the title to which is confirmed to the claimants. A decree affirming their decision must be entered as prayed for by the claimants.

UNITED STATES (LARKIN v.). See Case No. 8,091.

## Case No. 15,565.

### UNITED STATES v. LARNED.

[4 Cranch, C. C. 312.] [2]

Circuit Court, District of Columbia. May Term, 1833.

HANDWRITING—COMPARISON.

Where the witness has acquired a knowledge of the handwriting of the prisoner, by having

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

[2] [Reported by Hon. William Cranch, Chief Judge.]

often seen him write, &c., it is competent for him to compare the paper in question with the genuine handwriting of the prisoner, and to state his belief resulting from both sources.

Indictment [against Joseph Larned] for forging a certificate of freedom. Upon the trial, a witness, Mr. Keller, stated that he was acquainted with the handwriting of the prisoner. That about three years ago he and the witness wrote in the same office. When he first saw the paper, if the prisoner's name had not been mentioned, he would not have said, at once, that it was his writing. If the prisoner's name had been mentioned, he would have thought it might be his, but he could not have sworn to it. He took it to the books of record, written by the prisoner, and from the comparison, and a similarity and peculiarity in the form of his capital letters, he did and does believe the paper in question to be in the handwriting of the prisoner.

Mr. Taylor, for the prisoner, objected that this was evidence by comparison of hands, which is not admissible.

THE COURT (nem. con.) said, as the witness' belief was founded, in part, on his general knowledge of the prisoner's handwriting, and in part on his having compared it with the writing of the prisoner, the evidence must go to the jury with an instruction, that so far as the witness' opinion was founded upon the comparison, it was not evidence.

But THE COURT (nem. con.), upon consideration of the authorities cited in 4 Starkie, 651, Add. (Pa.) 35, and 6 Bin. 349, said that they were satisfied that where the witness has acquired a knowledge of the handwriting of the prisoner by having often seen him write, &c., it is competent for him to compare the paper in question with the genuine handwriting of the prisoner, and to state his belief resulting from both sources.